IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASSOCIATED AUTOMOTIVE, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:09-cv-2374 |
| | § | |
| ACCEPTANCE INDEMNITY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Associated Automotive, Inc. ("Automotive") files this Original Complaint complaining of Defendant Acceptance Indemnity Insurance Company ("Acceptance Indemnity") and shows the following:

I.
PARTIES

1.  Plaintiff, Automotive, is a company organized and doing business under the laws of Texas. For purposes of diversity jurisdiction, Automotive is a citizen of Texas.

2.  Defendant, Acceptance Indemnity, is a company with its headquarters and principal place of business in Omaha, Nebraska. For purposes of diversity jurisdiction, Acceptance Indemnity is a citizen of a state other than Texas. Acceptance Indemnity has agreed to waive service.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction based on diversity because the Plaintiff is a citizen of Texas and the Defendant is a citizen of Nebraska and Plaintiff seeks more than $75,000 in damages. 28 U.S.C. §1332.

4. Venue is proper in the United States District Court of Texas, Houston Division because all or most of the events giving rise to this cause of action took place in Houston, Harris County, Texas. 28 U.S.C. §124(b)(2).

## III.
## BACKGROUND

5. On March 22, 2005, this Court ordered Acceptance Indemnity to defend its insured, Automotive, in a state court personal injury lawsuit styled Cause No. 2004-01878, *Melvin Alfredo Maltez v. Associated Automotive Inc., Carpro Collision Centers, Inc., and Cal and Shirley Enderli, Individually*, in the 80th Judicial District Court of Harris County. The Plaintiff in the state court lawsuit sought to impose liability on Automotive solely through the single business enterprise theory.

6. In that lawsuit, Automotive, through counsel appointed by Acceptance Indemnity, filed a motion for summary judgment motion on the single business enterprise theory. The state court denied the motion and the jury found Automotive and the other defendant had formed a single business enterprise. On November 20, 2006, the state court entered a judgment against Automotive jointly and severally for $190,122.58 plus interest on the basis of the single business enterprise finding.

7. On December 13, 2006, Automotive made a demand in writing that Acceptance Indemnity appeal the state court judgment.

8. Acceptance Indemnity failed to appeal the state court judgment and the judgment became final on December 20, 2006.

9. On March 17, 2008, this Court held Acceptance Indemnity had no duty to indemnify Automotive for the state court judgment because there was no coverage.

10. On November 14, 2008, the Texas Supreme Court held in *SSP Partners v. Gladstrong Investments (USA) Corp.*, that the single business enterprise doctrine is invalid in Texas. Had Acceptance appealed, such appeal would have been pending at the time the Supreme Court disavowed the single business enterprise doctrine and consequently, the judgment as to Automotive would have been reversed.

11. On June 30, 2009, the Fifth Circuit Court of Appeals affirmed this Court's denial of coverage.

## IV.
## BREACH OF CONTRACT CLAIM

12. Acceptance Indemnity's duty to defend included a duty to appeal the state court judgment. Acceptance Indemnity's insurance contract with Automotive provides that Acceptance Indemnity's "duty to defend or settle ends when the applicable [liability limit] has been exhausted by payment of judgments or settlements."

13. Acceptance Indemnity did not believe the single business enterprise theory was a valid theory of liability, yet if failed to appeal the state court judgment on this basis.

14. Acceptance Indemnity breached its insurance contract with Automotive by failing to appeal the state court judgment. Acceptance Indemnity's failure to appeal caused Automotive damages including liability for the state court judgment as well as unnecessary litigation expenses in the coverage lawsuit in this Court.

15. Automotive further seeks attorneys' fees, costs and expenses associated with this breach of contract action pursuant to §38.001 of the Texas Civil Practices and Remedies Code and all other applicable statutes.

## V.
## PRAYER

Premises considered, Automotive prays that it recover from Acceptance Indemnity its actual damages, costs of court, attorneys' fees, prejudgment interest, postjudgment interest and such other and further relief, legal and equitable, to which it may show itself justly entitled.

        Respectfully submitted,

        MORIARTY LEYENDECKER, P.C.

        BY:  /s/ P. Kevin Leyendecker
        P. Kevin Leyendecker
        State Bar No.: 00784472
        Federal Bar No.: 28415
        Hilary S. Greene
        State Bar No. 24050688
        Federal Bar No. 872137
        4203 Montrose, Suite 150
        Houston, Texas 77006
        Telephone: (713) 528-0700
        Facsimile: (713) 528-1390

        ATTORNEY FOR PLAINTIFF